[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this petition for a writ of habeas corpus, petitioner claims that respondent has improperly denied him credit for time spent in confinement while unable to make bond thereby illegally lengthening his sentence.
For reasons hereinafter stated, the petition is denied.
The evidence indicates that on May 12, 1998, petitioner received concurrent sentences of ten years on two counts resulting in a total effective sentence of ten years to serve. On May 13, 1998, petitioner received sentences, the total effective sentence being 22 years, execution suspended after two and a-half years with five years probation. This sentence was to be served concurrently with two other sentences imposed upon that date and the sentence imposed on May 12, 1998.
Petitioner claims that he is entitled to 16 days of jail credit for the period from January 30, 1997 to February 13, 1997. This credit would be in connection with the ten-year sentence imposed on May 12 1998. The 12 1/2 year sentence imposed on May 13, 1998 is the controlling sentence. Jail credit can only be applied on one sentence. Here, it was applied to the controlling sentence of 12 1/2 years. The pretrial confinement on that file was much in excess of the 16-day period claimed by petitioner and it was to his benefit that the sentence was calculated in this manner. The respondent has correctly calculated petitioner's sentence and a writ of habeas corpus cannot be granted.
 Joseph J. Purtill Judge Trial Referee
CT Page 12260